**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOSUE ISAIAS M.P.,

Petitioner,

v.

DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, St. Paul Field office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as acting director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Attorney General of the United States; and JOEL BROTT, Sherburne County Sheriff.

Respondents.

Case No. 26-CV-4016 (NEB/JFD)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Josue Isaias M.P.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Josue Isaias M.P. is a citizen of El Salvador who has resided in the United States since at least 2014. (Pet. ¶ 16.) In 2024, he gained deferred action status in connection with a U visa petition. (Pet. ¶ 4.) For the reasons below, the Petition is denied.

**BACKGROUND**

In June 2026, local law enforcement detained Josue Isaias M.P. in Bloomington, Minnesota for a DUI charge. (Pet. ¶ 26.) He was transferred into Immigration and Customs Enforcement ("ICE") custody and held at Sherburne County Jail. (*Id.*) Afterwards, Josue Isaias M.P. filed his first habeas petition, challenging his detention on grounds that it violated due process, the Administrative Procedures Act (the "APA"), and the *Accardi* doctrine. *Jouse Isaias M.P. v. Easterwood*, No. 26-CV-3063 (NEB/JFD), ECF No. 9 (D. Minn. Aug. 17, 2026); *id.* ECF No. 1. He later raised a warrantless arrest claim. *Id.* ECF No. 7. This Court granted his first petition in part and ordered a bond hearing. The Court denied his warrantless arrest claims and did not reach the merits of his other claims. *Id.* ECF Nos. 9, 11. An immigration judge denied his bond, and Josue Isaias M.P. remains in ICE custody. (Pet. ¶ 4.)

While his first habeas petition was pending with this Court, United States Customs and Immigration Services ("USCIS") sent his attorney notice of a required biometric services appointment scheduled for July 20, 2026, in relation to his U visa application. (ECF No. 2-4.) Josue Isaias M.P. missed the appointment because he was in ICE custody. (Pet. ¶ 6.) His attorney notified ICE that Josue Isaias M.P. had missed his July 20, 2026 appointment via e-mail on August 20, 2026. (ECF No. 2-5.) USCIS then determined his U visa petition to be abandoned but denied it on separate grounds.[1] (ECF No. 7-1; ECF

[1] A limited number of U visas are available each year for noncitizen survivors of qualifying crimes who help law enforcement in the investigation or prosecution of those crimes. *See* 8 U.S.C. § 1101(a)(15)(U). U visa applicants who are not granted U visa status solely due to the statutory cap are placed on a deferred action waiting list. 8 C.F.R. § 214.14(d)(2). In 2024, USCIS granted Jouse Isaias M.P. U visa deferred action status stemming from a 2019 assault with a deadly weapon. (Pet. ¶¶ 24–28.)

No. 2-8.) A few weeks after Josue Isaias M.P.'s attorney notified ICE of the missed appointment, officers sent his fingerprints to USCIS. (ECF No. 14.)

Now, Josue Isaias M.P. brings a second habeas petition seeking release from detention on the grounds that his custody did and will cause a deprivation of his ability to comply with USCIS administrative proceedings. (Pet. ¶ 84; ECF No. 18 at 18 ("The claim is instead that custody, as applied here, caused a concrete deprivation of the ability to complete mandatory biometrics; that the deprivation has already produced an adverse USCIS decision; and that continued detention frustrates meaningful pursuit of the administrative remedy that Respondents themselves say Petitioner must use.").)

**ANALYSIS**

Habeas review considers whether detention itself is lawful. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). For this Court to grant a writ of habeas, a petitioner must demonstrate that the detention itself violates the Constitution, laws, or treatises of the United States. 28 U.S.C. § 2241(c)(3). Habeas review is not proper where a petitioner challenges the conditions of his detention, rather than the legality of it. *See Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014).

Josue Isaias M.P.'s second petition challenges the legality of his detention, because he claims a liberty interest in the "meaningful consideration of a victim-based U-visa petition." (Pet. ¶ 79.) But the Eighth Circuit has held that there is no constitutionally protected liberty interest in discretionary immigration relief like adjudication of a U visa application. *Hanggi v. Holder*, 563 F.3d 378, 384 (8th Cir. 2009); *see also Nicolas L.L. v. Barr*, No. 19-CV-02543 (ECT/TNL), 2019 WL 4929795, at *6–7 (D. Minn. Oct. 7, 2019) (finding no protected liberty interest in the adjudication of the visa application process).

While some district courts have granted habeas relief for visa application interference, they have done so where petitioners were detained at their biometric appointments in violation of their liberty interest. *See, e.g.*, *Gonzalez v. Wesling*, No. 26-CV-231 (JJM/AEM), 2026 WL 1765871, at *8 (D.R.I. June 19, 2026) (finding ICE violated petitioner's liberty interest in her U visa application where officers arrested her at the site of her biometric appointment). That is not the case here; Jouse Isaias M.P. was not arrested at a biometrics appointment. (Pet. ¶ 26.) He challenges his detention on the grounds that ICE failed to facilitate his attendance at the appointment. (*Id.* ¶ 35.)

But this Court has not seen any evidence showing that Respondents were even aware of his appointment. No documentation produced shows that USCIS, Jouse Isaias M.P., or his attorneys notified ICE agents of the appointment until a month *after* the appointment was scheduled to take place, which is almost three months after the notice was issued. (*Compare* ECF No. 2-3 (listing the notice date as May 24, 2026, and the appointment date as July 20, 2026), *with* ECF No. 2-5 (contacting ICE for the first time regarding the appointment on August 20, 2026).) So, even if Jouse Isaias M.P. did have a protected liberty interest in the July 20, 2026, appointment, ICE could not have unduly interfered if they did know about it.

Without a violation of Josue Isaias M.P.'s liberty interests, the fact that ICE did not help Josue Isaias M.P. get to his biometrics appointment is an issue with the conditions of his detention, not the legality of it.[2]

---

[2] In his reply, Jouse Isaias M.P. raises the argument that his continued detention will further prevent him from participating in an ongoing USCIS administrative process, but at no point alleges how he will be prevented from participating, or that respondents *actively* prevent him from complying with those requirements beyond detention. (ECF No. 18, at 11.)

Jouse Isaias M.P. reargues several arguments that the Court rejected in his first habeas petition. (Pet. ¶ 1, 96; *Jouse Isaias M.P. I*, ECF No. 11, at 6 n.3.) The Court will not reconsider its previous ruling on these issues—there is no reason to do so.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Josue Isaias M.P.'s Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 9, 2026

BY THE COURT:
s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge